UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES**                                                                 **CRIMINAL ACTION**

**VERSUS**                                                                              **NO. 12-172**

**RICKEY DAVIS**                                                                       **SECTION "B"**

## ORDER AND REASONS

Before this Court is Petitioner Rickey Davis' "Motion to Amend and Modify Sentence pursuant to 18 U.S.C. § 3584(a), (b), and (c) to Run Sentence Concurrent." Rec. Doc. 34. Petitioner requests that the Court modify his federal sentence to run concurrent with his state sentence. *Id*. In response to the Motion, the Government filed objections and requested that the Motion be denied. Rec. Doc. 38. For the reasons outlined below,

**IT IS ORDERED** that Petitioner's Motion to Amend and Modify Sentence is **DENIED.**

On August 22, 2012, this Court sentenced Petitioner to eighty-seven months imprisonment after he pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2) for bribing an agent of an organization receiving federal funds. Rec. Doc. 29 at 1-2. This Court did not order Petitioner's federal sentence to run concurrent with any other sentence. *Id*. At the sentencing hearing, Petitioner asked if he would get credit for any time spent in jail. Rec. Doc. 38-1 at 2. This Court clearly stated that Petitioner would get

1

credit for federal custody time, but not state custody time. *Id*.

Petitioner was sentenced on July 22, 2013, almost a year later, in the 24th Judicial District Court in Jefferson Parish to ten years imprisonment for each of six theft counts. Rec. Doc. 38 at 2. Petitioner's Jefferson Parish sentences were ordered to run concurrent to each other, but to run consecutive to all of Petitioner's other sentences, including any currently imposed federal sentences. Rec. Doc. 38-2.

Petitioner did not cite any provision that gives this Court authority to modify his sentence. This Court only has authority to modify a final sentence under 18 U.S.C. § 3582(b). *Dillon v. United States*, 560 U.S. 817, 824 (2010). Under § 3582(b), a court may not modify a defendant's term of imprisonment once it has been imposed except in the following circumstances:

> (1) upon a motion for reduction by the Director of the Bureau of Prisons . . . ; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the case involves a defendant sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statement.

*United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009). None of these circumstances are present in this case.

First, the Director of Bureau of Prisons has not moved for a reduction of Petitioner's sentence. Second, Federal Rule of Criminal Procedure 35 allows for a sentence review for the court's

clear error or defendant's substantial assistance to the government. Fed. R. Crim. P. 35. Clear error review must take place within 14 days of sentencing, which in this case has passed. *Id*. Also, petitioner has not given substantial assistance to the government. Finally, the Sentencing Guidelines have not reduced the sentencing range for a 18 U.S.C. § 666(a)(2) violation. U.S. Sentencing Guidelines Manual § 2C1.1 (2015). Therefore, none of the circumstances outlined in 18 U.S.C. § 3582(b) are present and this Court lacks the authority to modify Petitioner's sentence.[1]

Nevertheless, this Court did not commit a clear error when it did not order the federal sentence to run concurrent with any anticipated state sentence. Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at the same time run concurrent unless the court orders or the statute mandates that the terms are to run consecutive. 18 U.S.C. § 3584(a). If multiple terms of imprisonment are imposed *at different times*, they must run consecutive unless the court orders that the terms are to run concurrent. *Id*. However, the Federal Sentencing Guidelines state that the imposition of a sentence on a defendant must run concurrent to a state term of imprisonment "anticipated to result from another offense that is relevant to the instant offense of conviction." U.S. Sentencing Guidelines Manual § 5G1.3(c) (2014). In

---

[1] Additionally, the Government accurately represented the challenges if this Court were to interpret Petitioner's Motion as a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Rec. Doc. 24 at 3 n.1.

other words, if a federal judge anticipates a state sentence to arise from the defendant's offense, he or she must impose a concurrent sentence.

But, despite the mandatory language of the Sentencing Guidelines, the Supreme Court of the United States recognized that judges have a long-standing authority to choose whether the sentences they impose will run concurrent or consecutive with other sentences, including state sentences. *Setser v. United States*, 132 S.Ct. 1463, 1468 (2012). Specifically, a district court has the discretion to order a federal sentence to run consecutive to an anticipated state sentence that has not yet been imposed. *Id*.

Here, the federal and state sentences were imposed at different times. At sentencing, this Court did not order that the federal sentence run concurrent with any state sentence. Rec. Doc. 29. This Court explicitly told Petitioner that his time in jail would credit to his federal sentence and not a state sentence. Rec. Doc. 38-1 at 2. Even if this court anticipated a future state sentence, the Court was not required to impose the federal sentence concurrent with the state sentence. Lastly, there is no authority here to review or reverse the state court's decision to run its sentence consecutive to the prior federal sentence.

New Orleans, Louisiana, this 15th day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4